# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES DWIGHT LEWIS, :
:
    Petitioner, :
: No. 1:17-CV-00583
vs. :
: (Judge Rambo)
WARDEN KATHY LANE, :
:
    Respondent :

## MEMORANDUM

### Background

    James Dwight Lewis, a federal inmate presently confined at the Allenwood Low Federal Correctional Complex, White Deer, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he named the warden of that facility as the Respondent. (Doc. No. 1.)

    A review of Lewis' petition and accompanying memorandum and attachments thereto reveals that on August 23, 2000, Lewis was charged in a two count indictment with possession with intent to distribute fifty grams or more of cocaine base and felon in possession of firearm. (Doc. No. 1-1 at 7.) On December 20, 2000, Lewis was named in a superseding indictment charging Lewis with conspiracy to distribute cocaine, in addition to the previous two counts. (Id.) On August 10, 2001, after a jury trial, Lewis was found guilty on all three counts. (Id. at 8.) Lewis was sentenced to a mandatory life in prison. (Id. at 9.) A direct

appeal was taken to the Court of Appeals for the Sixth Circuit which affirmed the conviction and sentence and then Lewis pursued a petition for certiorari with the Supreme Court which was denied on November 17, 2003.

On July 20, 2004, Lewis filed a motion to vacate, set aside, and correct sentence pursuant to 28 U.S.C. § 2255 with the United States District Court for the Eastern District of Michigan, which was denied by that court on April 28, 2006. On June 8, 2012, Petitioner's sentence was reduced pursuant to 18 U.S.C. § 3582(c)(2). On November 8, 2016, the Sixth Circuit denied an application by Lewis to file in the district court a second § 2255 motion.

In the present § 2241 habeas petition, Lewis claims that his June 8, 2012 resentencing constitutes a new judgment for purposes of § 2244, that his constitutional rights were violated by the government withholding Brady materials from him, and that he is innocent as to being a felon in possession of a firearm and the enhanced sentence he received due to new intervening changes in law. Lewis requests that this Court either immediately release him or transfer his petition back to the Eastern District of Michigan for an evidentiary hearing.

The petition will now be given preliminary consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to

§ 2241 cases by Rule 1 thereof.[1] For the reasons set forth below, the petition will be dismissed summarily.

**Discussion**

A federal criminal defendant's conviction and sentence are subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979). The United States Court of Appeals for the Third Circuit has held that as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam), cert. denied, 409 U.S. 1046 (1972).

In Lewis' petition filed in this Court, he clearly maintains that his federal conviction violates his federal statutory and constitutional rights. Thus, his proper avenue of relief is a § 2255 motion filed in the district court where he was convicted and sentenced. Lewis is challenging his conviction on the basis of a new judgement subsequent to a resentencing and actual innocence due to intervening changes in law. These are the types of claims which should be presented to the court that sentenced Lewis.

---

[1] Rule 4 states in pertinent part that "[t]he clerk must promptly forward the petition to judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ."

Section 2255 provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

A motion under § 2255 is " 'inadequate or ineffective' " only where it is established " 'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.' " Application of Galante, 437 F.2d 1165, 1165 (3d Cir. 1971) (per curiam) (quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)). It has been recognized that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness. See id.; Cagel v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966). Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam). "It is the inefficacy of the remedy, not a personal inability to utilized it, that is determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986), cert. denied, 479 U.S. 993 (1986).

It is the petitioner's burden to prove that § 2255 would be an inadequate or ineffective remedy. Reyes-Requena v . United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)). Lewis has not met this burden. At best, under the present circumstances, Lewis may demonstrate a personal inability to utilize the § 2255 remedy, but he does not establish the inadequacy or ineffectiveness of the remedy itself. See Lawrence v. Ebbert, Civ. No. 3:14-CV-01768, 2015 WL 5089285, at *7 (M.D. Pa. Aug. 27, 2015); Jeffers v. Holland, Civ. No. 97-1203 (M.D. Pa. Nov. 7, 1997) (Conaboy, J.); Berry v. Lamer, Civil No. 96–1678, slip op at 13–14 (M.D. Pa. April 30, 1997) (Kosik, J.) (finding that existence of two orders from circuit court warning petitioner that no other submissions shall be filed or entertained in his case, did not render his remedy by way of § 2255 motion inadequate or ineffective); Holland v. Harding, Civil No. 95–0870, slip op at 4 (M.D.Pa. Nov. 21, 1995) (McClure, J.) (holding that entering into a sentencing agreement wherein the right to challenge the conviction or sentence by direct appeal or by § 2255 motion is waived does not render a § 2255 motion inadequate or ineffective); see also In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997) (denying motion for certification to file a second § 2255 petition without prejudice to petitioner filing a § 2241 habeas corpus petition because passage of a subsequent law may negate the crime of which he was convicted, the Third Circuit Court of Appeals stated in dicta, "[w]e do not suggest

5

that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255.")

The legislative limitations on successive § 2255 proceedings do not render the remedy either inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this Court. To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction. That Congress did not intend such a result is made manifest by 28 U.S.C. § 2244(a), which provides that no district judge "shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in Section 2255." As noted above, § 2255 authorizes a district court to consider a habeas corpus petition of a federal prisoner only if the § 2255 motion is inadequate or ineffective. Clearly, in view of the fact that Lewis has already filed a § 2255 motion regarding his conviction, that remedy has proven to be an effective and adequate means for him to challenge the legality of his detention.

Thus, the Court will dismiss Lewis' petition for a writ of habeas corpus under 28 U.S.C. § 2241, without prejudice to any right Lewis may have to seek leave to file a § 2255 motion in the sentencing court relating to his claims.

Finally, Lewis is not detained because of a process issued by a state court and the petition is not brought pursuant to 28 U.S.C. § 2255, no action by this Court with respect to a certificate of appealability is necessary.

An appropriate order follows.

                                         S/Sylvia H. Rambo
                                         SYLVIA H. RAMBO
          United                         States District Judge

Date: May 9th, 2017